**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0490-20

EUGENE VILLARREAL,

    Plaintiff-Appellant,

v.

CHOONG KYU SHIM,

    Defendant-Respondent.

_____

Submitted November 4, 2021 – Decided December 21, 2021

Before Judges Alvarez and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. LT-0715-20.

Eugene Villarreal, appellant pro se.

Respondent has not filed a brief.

PER CURIAM

On August 3, 2020, a judge denied plaintiff Eugene Villarreal's application to vacate an earlier dismissal of a summary dispossess proceeding brought against defendant Choong Kyu Shim. The earlier dismissal was the

result of the court being informed at a hearing that the property in question had been foreclosed upon and that plaintiff was no longer the record owner. Subsequently, Shim's counsel advised the court that her client had vacated the premises and thus no longer intended to oppose plaintiff's application to reinstate the complaint. For those reasons, the judge denied the application. We affirm.

Villarreal has been self-represented throughout. Although not entirely clear, he seeks to collect rent arrears from Shim—relief the trial court was not authorized to grant in a summary dispossess proceeding filed, as was this case, pursuant to Rule 6:3-4 and N.J.S.A. 2A:18-53. Villarreal may have recourse in another type of proceeding, but he simply cannot obtain money damages under this docket number.

Villarreal could not have been granted possession of the premises in any event, since he was not the owner as of March 2020. Although he challenges the sheriff's deed conveying ownership to a third party because at the time it was shown to the judge it had not been recorded, he does not challenge the reality that the deed was no longer in his name. The property had been the subject of a completed mortgage foreclosure action.

A-0490-20

Therefore, we deny this appeal of the August 3, 2020 order dismissing the case for two reasons—the tenant vacated the premises, and Villarreal was not the owner by that date.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0490-20